**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164
*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY — GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

30

## SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES) LAST: Shelton  FIRST: Irving  M.I.: A
2. SOCIAL SECURITY NUMBER: 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
3. WHEN WERE YOU BORN? 11/17/66
4. PERMANENT ADDRESS: 4210 Benning Rd., N.E., Apt. 11
   CITY: Washington  STATE: D.C.  ZIP: 20019
5. PERMANENT HOME PHONE: (202) 388-1718
6. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: D.C.
8a. DRIVER LICENSE NUMBER: 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
8b. STATE: D.C.
9. ADDRESS WHILE IN SCHOOL: Same
10. PHONE AT SCHOOL: ( )
11. MAJOR COURSE OF STUDY: 15
12. LOAN AMOUNT REQUESTED: 2625.00
13. LOAN PERIOD FROM 9/88 TO 6/89

### PRIOR LOAN INFORMATION
14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 21a)
21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ NO (GO TO 22a)

### REFERENCES
22a. NAME: Patricia Shelton  STREET: 4210 Benning Rd. N.E., Apt. 11  CITY, STATE, ZIP: Wash. D.C. 20019  PHONE: (202) 388-1718
22b. NAME: Ramona J. Shelton  STREET: 1034 Wahler Pl. S.E., Apt. 102  CITY, STATE, ZIP: Wash. D.C. 20032  PHONE: (202) 563-6038
22c. NAME: Ervin Washington  STREET: 1391 Morris Rd. S.E., Apt. 301  CITY, STATE, ZIP: Wash. D.C. 20032  PHONE: (301) 899-8125

23a. SIGNATURE OF BORROWER: X Irving A. Shelton
23b. DATE BORROWER SIGNED: 9/15/88

## SECTION B - TO BE COMPLETED BY SCHOOL
24. NAME OF SCHOOL: USA TRAINING ACADEMY, INC.
25. ADDRESS: 6600 BUSCH BLVD. SUITE 100 COLUMBUS OHIO 43229
26. PHONE: (614) 431-1611
27. SCHOOL CODE: 012262
28. 9004
30. PERIOD LOAN WILL COVER: FROM 09/17/88 TO 06/17/89
31. STUDENT'S GRADE LEVEL: 1
32. ANTICIPATED GRADUATION DATE: 06/17/89
33. STUDENT STATUS: ☒ DEPENDENT
34. ADJUSTED GROSS INCOME (AGI): $5707
35. COST OF ATTENDANCE FOR LOAN PERIOD: $4778
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $1491
37. EXPECTED FAMILY CONTRIBUTION (EFC): $700
38. DIFFERENCE: $2587
39. SUGGESTED DISBURSEMENT DATES: 1ST DISB: 09/20/88
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ NO
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
42. SCHOOL USE ONLY: 05 1107
43a. SIGNATURE OF SCHOOL OFFICIAL: X [signature]
43b. DATE: 09/20/88
43c. PRINT NAME AND TITLE: ALFRED GREEN, F.A.O.

## SECTION C - TO BE COMPLETED BY LENDER
44. NAME OF LENDER: CAPITOL FEDERAL SAVINGS & LOAN
45. ADDRESS: P.O. BOX 64788 ST. PAUL MN 55164
46. LENDER CODE: 830511
52. IS THIS AN UNSUBSIDIZED LOAN? ☐ YES ☐ NO

## SECTION D - TO BE COMPLETED BY HEAF
APP. REVIEW: SEP 23 1988
REVIEWED #5

F40-60 4-87
GSL-304

**FILED JUN - 2 2005**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S EXHIBIT A**

SHELTON, IRVING, A
CLAIM NO 199309059775I 10-27-93
SSN 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   ID 1

**GSL PROMISSORY NOTE**

**A. PROMISE TO PAY**

The Interest, Guarantee Fee, and Origination Fee rates and terms mentioned in the Promise

1. fig...
   de...
   will
   ap...
   sa...
   ap...
   int...
   the
   un...
   allo
   be...
   rat...
   of
   bo...
   dat
   en...
2. HE
   law
   Fe...
   aft...
   att...
   app
   act
3. by
   ref
   dis
   ch...

**B.**
I u
su...

**C.**
I u
Hi...
an
of
un
law

**D.**
I w
the
Ho
gra
at
1)
an
m...

this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment in this Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with the Rules and Regulations of HEAF governing the GSLP.
4) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest), whichever is less.
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

**E. PREPAYMENT**

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

**F. DEFERMENT**

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

---

**[Stamp overlay:]**
I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

Shannon Greene    12/14/98
NAME                DATE
AFFIX TO BACK OF PROMISSORY NOTE

---

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X _Karin Moseley_    MAR 0 4 1991
TITLE: HSCA Claims Supervisor   DATE

F0025   10-87

---

**G. FORBEARANCE**

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, ...ral regulations adopted under the Act and the Rules and Regulations of HEAF. I under... d that a modification of repayment terms under this Section is different from Deferment described in this Note) and that during this period I will remain responsible for payment ...iterest, which the lender may (a) collect from me on a periodic basis or (b) add to the ...cipal balance of this loan.

**DEFAULT**

...efinition—I understand that under the Act, and HEAF Rules and Regulations, any of the ...wing events is a default:
...iling to make any installment payment when due, provided that this failure persists for ... days for a loan repayable in monthly installments, or 240 days for a loan repayable in frequent installments;
...aking any false representation for the purpose of obtaining this loan;
...sing the loan proceeds for other than educational purposes;
...iling to enroll in the school that completed the application for the time identified as my period;
...t notifying the lender immediately if I (a) drop to less than a half-time student, (b) change graduation date, (c) change my name, or (d) change my permanent address.
...onsequences of default—If I default on this loan:
...he lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
...he lender, holder, or guaranty agency may disclose to schools I have attended (or am ...ently attending) information about the default;
...will be ineligible to receive assistance from any of the following federal programs: Pell ...nt, Supplemental Educational Opportunity Grant, College Work-Study, State Student ...ntive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed ...ent Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation ...s;
...will be ineligible for the benefits described under Repayment and Deferment in this Note;
...will also pay all charges and other costs, including attorney's fees, that are permitted by ...ral law and regulations for the collection of these amounts. If this loan is referred for ...ction to an agency that is subject to the Fair Debt Collection Practices Act, I will pay ...ction costs not to exceed 25 percent of the unpaid principal and accrued interest. De... ng these amounts immediately due and payable is at the option of the lender, which it ... do only after complying with applicable notice and other requirements of law. Failure to ...cise this option does not constitute a waiver of the lender's right to exercise the option later date;
...e lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts ...d.

**LATE CHARGES**

...rmitted by law, the lender may collect from me a late charge if I fail to pay all or part of a ...ired installment payment within 10 days after it is due or if I fail to provide written evi...ce that verifies my eligibility to have the payment deferred as described under Deferment ...is Note. A late charge may not exceed 6 cents for each dollar of each late installment.

**CREDIT BUREAU NOTIFICATION**

...mation concerning the amount of this loan and its repayment will be reported to one or ... credit bureau organizations. If I default on this loan, the lender, holder or guaranty ...ncy will also report the default to credit bureau organizations. This may significantly and ...rsely affect my ability to obtain other credit. The lender, holder or guaranty agency ...t notify me at least 30 days in advance that information about the default will be dis...ed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**BORROWER CERTIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or HEAF to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents, or prior or subsequent lenders or holders, with respect to my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated in my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

**SCHOOL CERTIFICATION**

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined by this institution to be eligible for this loan program. I further certify that student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Irving A. Shelton
4210 Benning Apt 11
Washington, DC 20019-

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 12/11/98.

On or about 9/15/88, the borrower executed promissory note(s) to secure loan(s) of $2,587.00 from Capitol Federal Savings & Loan, St. Paul MN at 8.00 percent interest per annum. This loan obligation was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payments according to the terms of the note(s), and credited $310.44 payments to the outstanding principle owed on the loan(s). The borrower defaulted on the obligation on 7/4/90 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,459.06 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/27/93 assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $268.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,459.06 |
| Interest: | $1,102.15 |
| Administrative/Collection Costs | $51.03 |
| Late Fees: | $0.00 |
| Total debt as of 12/11/98: | $3,612.24 |

Interest accrues on the principal shown here at the rate of $0.54 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/16/98    Name: Richard Ditewig

Title: Loan Analyst
Branch: Litigation

FILED
JUN - 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1107

PLAINTIFF'S
EXHIBIT
B



RECEIVED
MAY 11 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
JUN 0 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT